Thomas A. Aurelio, J.
The action is to recover damages for personal injuries resulting from the negligent operation of an automobile. On April 27,1955, while plaintiff was crossing 71st Street from the north to the south side about 150 feet east of Broadway, New York City, defendant Parisi’s automobile, operated by defendant Perez (not served), an employee of defendant, Alamac Estates, Inc., backed into plaintiff and knocked her down, causing her to fall face forward on the pavement. She struck the pavement with her nose, knees and open palm of right hand and with bent knuckles of her left hand. She went to St. Luke’s Hospital for first aid and emergency treatment and then went home. Thereafter, she visited St. Luke’s Clinic seven or eight times.
I am satisfied from the evidence that plaintiff was free from contributory negligence and that the accident was due solely to the negligent operation of the automobile by Perez and that plaintiff is entitled to recover from defendant Parisi, the owner of the car.
Defendant Perez was not served with process and has disappeared. He was engaged as a doorman the day before the accident by defendant, Alamac Estates, Inc., owner and operator of the Hotel Alamac, located at 71st Street and Broadway, New York City. A witness for defendant Alamac testified that Perez’ duties were to help patrons in and out of cars, to help them with the baggage and to call the garage for those wishing to park the car, Alamac contends Perez had no authority to move or drive cars. No evidence has been adduced to show otherwise. Thus, it appears that plaintiff has failed to establish any liability on the part of defendant Alamac.
Plaintiff claims that, as a result of this accident and the manner in which her left hand struck the pavement, she developed Dupuytren’s contracture in that hand. Medical experts on both sides disagreed as to whether trauma could cause Dupuytren’s *211 contracture. Plaintiff’s expert was of the opinion that there is a causal relation between trauma and Dupuytren’s contracture, and that a single trauma of the kind and nature plaintiff suffered could and did in this case cause it. On the other hand, defendant’s expert held to the view that it is generally accepted medical opinion that there is no relationship between trauma and Dupuytren’s contracture.
With the consent and approval of the attorneys for all parties, I referred the matter to the Medical Panel of this court for the examination of plaintiff and opinion of the examiner on the question of plaintiff’s “ alleged Dupuytren’s Contracture condition and the causal relation thereof, if any, to the accident of April 27, 1955 The Medical Panel doctor has reported and a copy furnished to the court and to each of the attorneys for the parties. The report, dated October 5,1956, is filed herewith. It reads:
It is my opinion that there is little doubt regarding the diagnosis of Dupuytren’s disease of the left palm. The difficult question is whether this condition has any relation to the accident of April 27, 1955. The answer to this question is rendered more difficult by the divergence of opinion among medical men regarding the etiology of Dupuytren’s disease. Dupuytren himself, who described the condition in 1932, considered that it was due to the trauma of manual labor. This was also the view of Cooper who ten years previously described the condition. Since then, however, other authorities have pointed out that the condition develops in individuals who have had no exposure to traumatisms. An opposing school has therefore arisen which holds that the disease is caused by a constitutional peculiarity which in many instances is found to be familial. A reconciliation of the two opposing views has been attempted by some writers who think that there is a combination of trauma and of an inherent peculiarity of the tissues.
In trying to reach a fair decision in the case of Miss Sullivan, certain facts have to be emphasized. These are (1) that she had no abnormalities of the left hand before the accident, (2) that she struck not only the nose but also the left hand in her fall, (3) the left hand was markedly swollen for a period of several weeks, (é) on subsidence of the swelling the nodules in the palm were noted and she was referred to the St. Luke’s Orthopaedic Clinic in August, 1955, and (5) since that time she has been troubled by stiffness of the left hand and inability to use the left hand in normal fashion.
Taking these definite facts into consideration and considering the generally accepted theory that trauma in many cases must be considered an etiological factor, I conclude that the accident of April, 1955 is in part responsible for the present condition of the left hand.
It may be argued that repeated traumata are necessary to produce Dupuytren’s disease. There are, however, cases on record in which a single accident has been considered responsible for the condition. Such cases are reported by Tord Skoog in an authoritative monograph published in the Acta Chirurgiea Scandinavian, Vol. 96, Supplemental 139, page 113.
The foregoing report tends to corroborate plaintiff’s expert. I then held a hearing in my chambers with the attorneys for all parties present and listened to their respective comments on the *212 medical report. Upon the entire record before me, I am satisfied from the evidence that plaintiff has established, by a fair preponderance of the credible evidence, that, as a result of this accident, she developed Dupuytren’s contracture in her left hand. The facts emphasized in the medical report, and upon which the report is based, have been established by the evidence adduced upon the trial. Plaintiff is now 75 years of age and appears to be in good health. For the injuries she sustained and for her pain and suffering, judgment is rendered in her favor against defendant, Salvatore Parisi, in the sum of $7,500. The complaint against the defendant, Alamac Estates, Inc., is dismissed on the merits for the reasons indicated herein.